**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| JOHN DOE, | DOCKET NUMBERS |
| Appellant, | DC-0752-09-0881-B-2 |
| | DC-0752-10-0223-B-2 |
| v. | |
| PENSION BENEFIT GUARANTY | |
| CORPORATION, | DATE: July 28, 2016 |
| Agency. | |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Cori M. Cohen</u>, Esquire, <u>Gary M. Gilbert</u>, Esquire, and <u>Stephanie M. Herrera</u>, Esquire, Silver Spring, Maryland, for the appellant.

<u>Stuart E. Bernsen</u>, Washington, D.C., for the appellant.

<u>Pamela S. Richardson</u>, Esquire, <u>Paul Chalmers</u>, Esquire, and <u>Ray Forster</u>, Esquire, Washington, D.C., for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

**FINAL ORDER**

¶1 The appellant has filed a petition for review and the agency has filed a cross petition for review of the remand initial decision, which found that the appellant

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

failed to prove her affirmative defenses. Generally, we grant petitions such as these only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioners' due diligence, was not available when the record closed. *See* title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that neither party has established any basis under section 1201.115 for granting the petition or cross petition for review. Therefore, we DENY the petition for review and the cross petition for review. Except as expressly MODIFIED by this Final Order to amend the administrative judge's disability discrimination analysis, we AFFIRM the initial decision.

## BACKGROUND

¶2     This case has a lengthy history and we recite the pertinent facts from our decision in *Doe v. Pension Benefit Guaranty Corporation*, 117 M.S.P.R. 579, ¶¶ 3-22 (2012). The appellant was a GS-13 Administrative Officer with the agency's Office of Information Technology (OIT), Resource Management Division (RMD). *Id.*, ¶ 3. By memorandum dated May 28, 2009, the appellant's supervisor, Acting RMD Manager V.L., ordered her to undergo a fitness-for-duty (FFD) examination with agency medical consultant N.H. on June 4, 2009, based upon "unusual and inappropriate behavior" the appellant had exhibited during the previous several months.[2] *Id.*, ¶ 6. The agency placed the appellant on administrative leave pending the results of the examination. *Id.*

---

[2] This behavior is described in *Doe*, 117 M.S.P.R. 579, ¶ 3-5. Among other things, during a May 22, 2009 meeting with V.L., the appellant accused V.L. and OIT Deputy

¶3 In his June 4, 2009 report summarizing the results of the examination, N.H. stated that the appellant was experiencing a psychotic delusional disorder and was unfit to perform her duties. *Doe*, [117 M.S.P.R. 579](), ¶ 7. Effective August 4, 2009, the agency placed the appellant on enforced leave pending her submission of documentation from her health care provider confirming that she was fit to return to work. *Id.*, ¶ 9.

¶4 On September 9, 2009, the appellant submitted a medical report from S.S. stating that she was able to return to work without restriction. *Doe*, [117 M.S.P.R. 579](), ¶ 10. Based on that submission, the agency removed the appellant from enforced leave and placed her on administrative leave effective September 9, 2009, pending N.H.'s review of S.S.'s report. *Id.* N.H. identified various deficiencies in the report and recommended that the appellant undergo an independent medical examination sponsored by the agency. *Id.*, ¶ 11. The agency then ordered the appellant to undergo another FFD examination by N.H., who issued a report on October 13, 2009, stating that the appellant was "still evidencing severe mental illness" and was "too fragile" to be safely returned to the workplace. *Id.*, ¶¶ 14-15.

¶5 By letter dated October 28, 2009, V.L. notified the appellant that, for the agency to adequately determine her ability to return to work, she must choose one of the following options: (1) sign a form allowing N.H. to consult directly with S.S. to attempt to resolve the deficiencies in the medical documentation and to determine her suitability to return to work; or (2) undergo a psychiatric evaluation with M.A. *Id.*, ¶ 16. V.L. advised the appellant that failure to comply

Chief Information Officer M.H. of listening to her conversations and stated that she knew about the "ear piece." *Id.*, ¶ 5. Following the meeting, the appellant sent V.L. an email in which she stated, "Hope you presented yourself well before the hidden camera." *Id.* V.L. then sent the appellant an email suggesting that she and the appellant meet with M.H. to address the appellant's views. *Id.* In response, the appellant sent V.L. an email stating, "Thanks for the invite but based on the conversation we just had and your hidden agenda, I will not accept." *Id.*

with the instruction would result in her pay status being changed from administrative leave to absence without leave (AWOL) for each work day beyond November 6, 2009. *Id.* The appellant did not comply with the instruction, and the agency placed her on AWOL, effective November 9, 2009. *Id.*

¶6        The appellant filed two Board appeals: (1) *Doe v. Pension Benefit Guaranty Corporation*, MSPB Docket No. DC-0752-09-0881-I-1 (*Doe I*), challenging her placement on enforced leave from August 4 to September 9, 2009; and (2) *Doe v. Pension Benefit Guaranty Corporation*, MSPB Docket No. DC-0752-10-0223-I-1 (*Doe II*), challenging her placement on AWOL as a suspension. *Doe*, 117 M.S.P.R. 579, ¶¶ 17, 19. In *Doe I*, the appellant raised affirmative defenses of harmful procedural error and disability discrimination. *Id.*, ¶ 17. In *Doe II*, the appellant raised affirmative defenses of discrimination based on perceived disability, reprisal for equal employment opportunity (EEO) activity, for filing a Board appeal, and for protected whistleblowing activity, and discrimination claims of disparate treatment, harassment, and hostile work environment. *Id.*, ¶ 1.

¶7        In *Doe I*, the administrative judge issued an initial decision finding that the agency did not have the authority to order the appellant to take an FFD examination and that, therefore, the agency failed to prove its reason for the appellant's suspension (i.e., N.H.'s conclusion that the appellant was not fit for duty). *Doe*, 117 M.S.P.R. 579, ¶ 17. Accordingly, the administrative judge reversed the agency's action and ordered the agency to cancel the appellant's suspension and retroactively restore her effective August 4, 2009. *Id.* The administrative judge found that the appellant failed to prove her affirmative defenses. *Id.* The appellant filed a petition for review challenging the administrative judge's denial of her disability discrimination claim. *Id.*, ¶ 18.

¶8        In *Doe II*, the administrative judge issued an initial decision finding that the agency did not have the authority to order the appellant to take an FFD examination, N.H.'s recommendation that the appellant undergo a psychiatric or

psychological examination was improper, and the action must be reversed because the agency did not give the appellant the procedural protections found at 5 U.S.C. chapter 75. *Doe*, 117 M.S.P.R. 579, ¶ 21. The administrative judge therefore reversed the agency's action and ordered the agency to cancel the appellant's suspension and retroactively restore her effective November 9, 2009. *Id.* The administrative judge found that the appellant was not entitled to a hearing on her affirmative defenses of discrimination based on perceived disability, and reprisal for EEO activity, for filing a Board appeal, and for protected whistleblowing activity. *Id.* Each party filed a petition for review. *Id.* In her petition for review, the appellant reiterated her affirmative defenses of discrimination and retaliation, *id.*, ¶ 22, and she alleged that the administrative judge improperly failed to consider her discrimination claims of disparate treatment, harassment, and hostile work environment, *id.*, ¶ 1.

¶9      The Board joined both appeals on review. *Doe*, 117 M.S.P.R. 579, ¶¶ 1, 23. The Board affirmed the initial decision in *Doe I* insofar as it determined that the agency did not have the authority to order the appellant to take an FFD examination and reversed the agency's August 4 to September 9, 2009 enforced leave action. *Id.*, ¶¶ 2, 24-34. The Board vacated the part of the initial decision addressing the appellant's disability discrimination claim and remanded that claim to the regional office for further adjudication. *Id.*, ¶¶ 2, 35-46, 53.

¶10     The Board affirmed the initial decision in *Doe II* insofar as it reversed the agency's placement of the appellant on AWOL and dismissed the appellant's retaliation claims. *Doe*, 117 M.S.P.R. 579, ¶¶ 2, 50-51. The Board vacated the portion of the initial decision addressing the appellant's disability discrimination claim and remanded that claim for further adjudication. *Id.*, ¶¶ 2, 49, 53. The Board also found that the administrative judge erred by refusing to consider the appellant's claims of disparate treatment, harassment, and hostile work environment, and it remanded those claims to the regional office for further adjudication. *Id.*, ¶¶ 2, 52-53.

¶11 Following a hearing, the administrative judge issued a remand initial decision denying the appellant's request for further relief. MSPB Docket No. DC-0752-09-0881-B-2, Remand File, Tab 85, Remand Initial Decision (RID) at 2, 38. The administrative judge found that the appellant proved that the agency regarded her as disabled, RID at 21-24, but failed to prove that the agency's actions constituted disability discrimination, RID at 17-34, and also failed to establish that the agency subjected her to harassment, additional disparate treatment not encompassed by her disability discrimination claim, or to a hostile working environment,[3] RID at 34-38.

¶12 The appellant has filed a petition for review. Petition for Review (PFR) File, Tab 12. The agency has filed a response in opposition to the petition for review, PFR File, Tab 18, and a cross petition for review challenging the administrative judge's finding that it failed to show that it did not violate the Rehabilitation Act of 1973 by requiring the appellant to undergo an FFD examination because the appellant posed a "direct threat," PFR File, Tab 19. The appellant has filed a reply to the agency's response to the petition for review, PFR File, Tab 28, and a response to the cross petition for review,[4] PFR File, Tab 29.

---

[3] Regarding the appellant's disability discrimination claims, the administrative judge found that the appellant failed to prove that the agency's reasons for taking its actions were pretextual, RID at 24-30, and also failed to prove disability discrimination based on failure to accommodate, RID at 30-34. The appellant does not challenge the latter finding on review, nor does she challenge the administrative judge's findings regarding her claims of harassment, disparate treatment not encompassed by her disability discrimination claim, and hostile work environment. Therefore, we do not address these claims further.

[4] The agency attempted to file a reply to the appellant's response to the cross petition for review; however, the Clerk of the Board rejected this pleading because the Board's regulations do not allow for pleadings other than a petition for review, a cross petition for review, a response to the petition for review or cross petition for review, and a reply to a response to a petition for review. PFR File, Tab 30; *see* 5 C.F.R. § 1201.114(a)(5).

**ANALYSIS**

¶13    As the administrative judge explained, RID at 10-11, the Board in *Doe* made several findings regarding the appellant's disability discrimination claim, *see Doe*, 117 M.S.P.R. 579, ¶¶ 35-46.  The Board found that there was no direct evidence of discrimination and it noted that, absent such evidence, an employee may rely on the evidentiary framework set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973), to prove a claim of unlawful disparate treatment.[5]  *Id.*, ¶¶ 35, 40, 43-44.  The Board further found that the agency had already articulated a nondiscriminatory reason for its actions and that, therefore, the inquiry should proceed directly to the ultimate question of whether the appellant met her burden of proving that the agency discriminated against her based on her disability.  *Id.*, ¶¶ 43, 46.  Finally, the Board found that the record had not been sufficiently developed to determine whether the appellant had met this burden and that it was therefore appropriate to remand the appeal for further adjudication of the appellant's disability discrimination claims.  *Id.*, ¶ 46.

¶14    Consistent with the Board's instructions, on remand, the administrative judge applied a disparate treatment analysis in addressing the appellant's disability discrimination claim, and he determined the appellant failed to establish by preponderant evidence that the agency's reasons for taking its actions were pretextual.  RID at 24-29.  In making this finding, the administrative judge also determined that the agency's order that the appellant undergo an FFD examination did not violate the Americans with Disabilities Act Amendments Act

---

[5] Under that standard, to establish a prima facie case of discrimination, an appellant must prove that:  (1) she is a member of a protected class; (2) she suffered an adverse employment action; and (3) the unfavorable action gives rise to an inference of discrimination. *McDonnell Douglas*, 411 U.S. at 802.  If an appellant establishes a prima facie case of prohibited employment discrimination, the burden then shifts to the agency to articulate a legitimate, nondiscriminatory reason for its action; and, finally, the employee must show that the agency's stated reason is merely a pretext for prohibited discrimination. *Id.* at 802-04.

of 2008 (ADAAA) because the agency's order was job-related and consistent with business necessity.[6] RID at 27-28.

¶15     While this appeal was pending before the administrative judge on remand, the Board issued its decision in *Archerda v. Department of Defense*, 121 M.S.P.R. 314 (2014). In that case, the Board noted that the administrative judge had applied a disparate treatment analysis in finding that the appellant failed to establish his affirmative defense of disability discrimination. *Id.*, ¶ 28. The Board found that, to the extent that the appellant was asserting that the agency discriminated against him on the basis of his disability by requiring him to submit medical documentation regarding his post-traumatic stress disorder (PTSD), the administrative judge should have applied a different standard to the appellant's claim. *Id.* (citing *Clark v. Potter*, EEOC Appeal No. 01992682, 2001 WL 1526433, at *3-*4 (Nov. 20, 2001) (finding that the administrative judge erred in applying a disparate treatment analysis to an employee's claim that the agency discriminated against him by requiring him to undergo an FFD examination)). Specifically, the Board found the administrative judge should have determined whether the agency's inquiry was "job-related and consistent with business necessity." *Id.* (citing *Clark*, 2001 WL 1526433, at *4). Applying this standard, the Board found that the agency's instructions directing the appellant to provide additional information about his PTSD were job-related and consistent with business necessity, and that the appellant therefore failed to establish his disability discrimination claim. *Id.*, ¶¶ 33-35.

¶16     Consistent with *Archerda*, to the extent that the appellant here is arguing that the agency discriminated against her based on her perceived disability by ordering her to submit to the FFD examinations, we find that a disparate

---

[6] As the Board explained in *Doe*, although 29 C.F.R. § 1630.14(c) does not give an agency independent authority to order an FFD examination, it provides that an agency does not violate the ADAAA by requiring an employee to undergo such an examination if the examination is job-related and consistent with business necessity. *Doe*, 117 M.S.P.R. 579, ¶ 30.

treatment analysis of the appellant's discrimination claim is inappropriate in this case. Because restrictions on agencies regarding disability-related inquiries and medical examinations apply to all employees, the appropriate standard for analyzing that claim is whether the agency's orders directing the appellant to undergo the FFD examinations were job-related and consistent with business necessity.[7] *Archerda*, 121 M.S.P.R. 314, ¶ 28. Accordingly, we review the remand initial decision to determine whether the administrative judge correctly found that the order directing the appellant to undergo the FFD examinations met this standard.

¶17    Generally, a disability-related inquiry or medical examination may be job-related and consistent with business necessity if an employer has a reasonable belief, based on objective evidence, that: (1) an employee's ability to perform essential job functions will be impaired by a medical condition; or (2) an employee will pose a direct threat due to a medical condition. *Rosario-Fabregas v. Department of the Army*, 122 M.S.P.R. 468, ¶ 14 (2015). A direct threat is a "significant risk of substantial harm to the health or safety of the individual or others that cannot be eliminated or reduced by reasonable accommodation." *Id.* (quoting 29 C.F.R. § 1630.2(r)).

¶18    In finding that the agency's order directing the appellant to undergo an FFD examination was job-related and consistent with business necessity, the administrative judge determined that the record shows that the appellant was unable to take direction from her supervisor, which is an essential function of

_____

[7] Thus, although the administrative judge was complying with the Board's instructions in *Doe*, it was unnecessary for him to determine whether the agency's proffered reasons for taking the actions at issue in this appeal were pretextual. It also was unnecessary for him to determine whether the appellant was an individual with a disability within the meaning of the ADAAA because the agency regarded her as disabled. RID at 21-24. As the Board explained in *Archerda*, the Americans with Disabilities Act's restrictions on disability-related inquiries and medical examinations apply to individuals both with and without disabilities. *Archerda*, 121 M.S.P.R. 314, ¶ 31. Therefore, the appellant is protected by these restrictions regardless of whether she qualifies as disabled within the meaning of the ADAAA. *Id.*

every job. RID at 27. For example, as the administrative judge noted, the appellant refused to meet with V.L. due to what the appellant called V.L.'s "hidden agenda." *Id.* (citing *Doe I*, Initial Appeal File, Tab 6, Subtab 4II). The administrative judge therefore found that the agency's order that the appellant undergo an FFD examination did not violate the ADAAA.[8] RID at 27-28.

¶19 The appellant challenges this finding on review, arguing that the agency failed to show that the FFD examinations were job-related and consistent with business necessity because the agency did not produce any evidence showing that her alleged medical conditions affected her performance, thereby impairing her ability to perform the essential functions of her position. PFR File, Tab 12 at 21, 24. She asserts that an employee's refusal to meet with a supervisor on a single occasion does not meet the limited circumstances in which a medical examination is permitted under the ADAAA, nor does it constitute objective evidence that an employee is unable to perform the essential functions of her position. *Id.* at 24. The appellant contends that, in deciding to order her to undergo the FFD examinations, the agency improperly failed to consider her performance or the essential functions of her position. *Id.* at 25.

¶20 We find these arguments unpersuasive. The agency's alleged failure to consider the specific functions of the appellant's position in deciding to order her to undergo the FFD examinations is of no consequence because, as the administrative judge noted, the ability to take direction from one's supervisor is

---

[8] The administrative judge further found, however, that the appellant did not pose a direct threat. RID at 28 n.9. As previously noted, the agency challenges this finding in its cross petition for review. PFR File, Tab 19. Given our finding that the administrative judge correctly found that the agency established that the FFD examination was job-related and consistent with business necessity by showing that it reasonably believed that the appellant's ability to perform essential job functions would be impaired by a medical condition, we need not determine whether the agency also proved that the administrative judge erred by finding that the agency failed to show that it did not violate the Rehabilitation Act because it established that it reasonably believed that the appellant would pose a direct threat due to a medical condition. Accordingly, we deny the agency's cross petition for review.

an essential function of every job.  RID at 27.  Further, contrary to the appellant's apparent contention on review, the administrative judge did not find that the FFD examination was job-related and consistent with business necessity based solely on a single instance in which the appellant refused to meet with her supervisor. Rather, the administrative judge cited the appellant's refusal to meet with V.L. due to her alleged hidden agenda as one example of the appellant's "unusual and inappropriate behavior" that triggered the agency's decision to order her to undergo an FFD examination.  *Id.*  The record shows that the appellant had engaged in other inappropriate behavior involving her supervisors during the months preceding the order directing her to undergo an FFD examination.  *See Doe*, 117 M.S.P.R. 579, ¶¶ 3-5 (describing the behavior that prompted the agency to order the appellant to undergo an FFD examination).  Thus, the appellant's refusal to meet with her supervisor was not an isolated incident, as the appellant suggests.  Instead, it was part of a pattern of inappropriate behavior that the appellant had been exhibiting for months.  Given these circumstances, we agree with the administrative judge's finding that the agency did not violate the ADAAA by ordering the FFD examinations.  Therefore, we find that the appellant failed to prove her disability discrimination claim.

## NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter.  5 C.F.R. § 1201.113.  You have the right to request further review of this final decision.

Discrimination Claims:  Administrative Review

You may request review of this final decision on your discrimination claims by the Equal Employment Opportunity Commission (EEOC).  *See* title 5 of the United States Code, section 7702(b)(1) (5 U.S.C. § 7702(b)(1)).  If you submit your request by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit your request via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, NE
Suite 5SW12G
Washington, D.C. 20507

You should send your request to EEOC no later than 30 calendar days after your receipt of this order. If you have a representative in this case, and your representative receives this order before you do, then you must file with EEOC no later than 30 calendar days after receipt by your representative. If you choose to file, be very careful to file on time.

Discrimination and Other Claims: Judicial Action

If you do not request EEOC to review this final decision on your discrimination claims, you may file a civil action against the agency on both your discrimination claims and your other claims in an appropriate United States district court. *See* 5 U.S.C. § 7703(b)(2). You must file your civil action with the district court no later than 30 calendar days after your receipt of this order. If you have a representative in this case, and your representative receives this order before you do, then you must file with the district court no later than 30 calendar days after receipt by your representative. If you choose to file, be very careful to file on time. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court‑appointed lawyer and to waiver of any requirement of

prepayment of fees, costs, or other security.  *See* [42 U.S.C. § 2000e](#)-5(f) and 29 U.S.C. § 794a.


FOR THE BOARD:                    _____
                                  Jennifer Everling
                                  Acting Clerk of the Board

Washington, D.C.